## O'BANION, Sheriff, et al. v. HENRY.

### No. 2417.

Court of Civil Appeals of Texas. Beaumont.
Nov. 3, 1933.

Rehearing Denied Nov. 8, 1933.

E. B. Warren, of Center, for appellants.

Sanders & McLeroy, of Center, for appellee.

COMBS, Justice.

Appellee, W. Y. Henry, as plaintiff, brought this suit in the district court of Shelby county, Tex., against appellant Mrs. Rilla O'Ban-

412

ion, Sheriff, Planters' Fertilizer & Chemical Company, to enjoin the sale of 171 acres of land out of the Z. C. Walker survey in Shelby county. The land had been levied on as the property of plaintiff's father, J. Henry, by virtue of an execution issued out of the county court at law No. 2 of Tarrant county, Tex. Plaintiff alleged that he was the owner in fee simple of the land; that the defendant sheriff, acting under and by virtue of some pretended authority, had seized and levied upon the land, by virtue of the execution above referred to, and was advertising same for sale as the property of J. Henry, the person against whom the judgment had been rendered by the county court of Tarrant county. The petition prayed for a temporary injunction restraining the defendants from selling, or attempting to sell, the land, and that upon final hearing said injunction be made permanent. The defendants, by their answer, after alleging numerous special exceptions, alleged in substance that plaintiff is the son and presumptive heir of J. Henry; that plaintiff had acquired the land involved for a shockingly inadequate consideration and had in fact entered into a conspiracy with his father, J. Henry, whereby said property was conveyed to plaintiff for the sole purpose of hindering, delaying, and defrauding the creditors of J. Henry. A temporary injunction was granted in all things as prayed for by plaintiff, and on final hearing to the court, a jury being waived, the injunction was made permanent, from which judgment the appellants have prosecuted this appeal.

Numerous assignments are urged by the appellants, all of which we think are without merit. The controlling question is that an issue of fact was made on the evidence as to whether the sale and conveyance of the land by J. Henry to the plaintiff was bona fide. Appellants' evidence tended, circumstantially at least, to cast some suspicion on the bona fides of the transaction. However, J. Henry testified positively that the conveyance of several tracts of land, of which the land involved was a part, by him to his son was partly by way of distribution of his property to his heirs and partly for a cash consideration of $4,000 which he said was actually paid to him by the plaintiff in cash.

Under the evidence it was for the trial court to decide the issue thus made. There being evidence to support the court's judgment to the effect that the conveyance of the property from J. Henry to the plaintiff was bona fide, and that plaintiff was entitled to the injunctive relief granted, it is not the province of this court to disturb the judgment of the trial court. And, while we think there are other grounds which would require an affirmance of this case, since the matter above discussed is controlling, we pretermit further discussion. The judgment of the trial court is affirmed.

Affirmed.